UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FREDERICK CLARK, JR.,
*Petitioner*,

v.                                                              1:22-cv-770-MSN-IDD

JEFF VERGAKIS,
*Respondent*.

MEMORANDUM OPINION

Frederick Clark, Jr. ("Petitioner" or "Clark"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his July 10, 2020, convictions in the Circuit Court of the City of Newport News, Virginia, for carjacking, grand larceny, aggravated sexual battery, use of a firearm in the commission of a felony, and masturbating in public. [Dkt. No. 1]. On May 1, 2023, the Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits. [Dkt. Nos. 23–25].[1] Petitioner exercised his right to respond to the motion to dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K). [Dkt. No. 27]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the respondent's Motion to Dismiss must be granted and the petition must be dismissed with prejudice.

I.    **Procedural History**

Clark is detained pursuant to the July 10, 2020, judgment of the Circuit Court of the City of Newport News convicting him of carjacking in violation of Virginia Code § 18.2-58.1; grand larceny in violation of Virginia Code § 18.2-95; aggravated sexual battery in violation of Virginia

---

[1] On April 13, 2023, the Court dismissed respondent's first Motion to Dismiss [Dkt. No. 13] without prejudice because the response to the petition did not comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. [Dkt. No. 22 (citing *Sanford v. Clarke*, 52 F.4th 582, 584, 586 (4th Cir. 2022))].

Code § 18.2-67.3; use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1; and masturbating in public in violation of Virginia Code § 18.2-387.1. *Commonwealth v. Clark*, Case Nos. CR18C-119, CR18-157, CR18-158, CR18-160, CR18-161.[2] For the four felony convictions, Clark was sentenced to a total of fifty years in prison, with twenty years suspended, and assessed a $1,000 fine; for the misdemeanor conviction (masturbating in public), he received a twelve-month sentence, with eight months suspended, and was assessed a $2,500 fine.[3]

Clark, by counsel, appealed to the Court of Appeals of Virginia, asserting two claims: that the evidence at trial was insufficient to prove his identity, and that the trial court erred in denying his motion to suppress his statement to police because it was involuntary. In its December 9, 2022, order denying his petition for appeal, the court found the evidence sufficient to prove his identity and ruled that the trial court did not err in denying the motion to suppress. *Clark v. Commonwealth*, Record No. 0817-20-1. [Dkt. 15-6]. Clark, by counsel, filed a petition for appeal in the Supreme Court of Virginia, raising the same two claims. The petition was refused on July 23, 2021. *Clark v. Commonwealth*, Record No. 201490. [Dkt. No. 1-1 at 12].

Clark filed two post-conviction motions for reconsideration. The first motion, filed on August 30, 2021, argued matters in mitigation of his sentence. [Dkt. 1-1 at 57]. The circuit court denied his motion by order entered September 16, 2021, and he did not appeal. Clark's second motion for reconsideration, filed on December 1, 2021, argued for his release and asserted his double jeopardy rights were violated. [*Id.* at 61]. The circuit court denied the motion by order entered December 12, 2021, and Clark did not appeal.

---

[2] The circuit court granted Clark leave to represent himself on May 30, 2019, and his attorney was allowed to withdraw. The court also granted Clark's motion for standby counsel on June 24, 2019, and appointed an attorney to assist him in preparation for trial as well as at trial. (6/20/19 Tr. at 76–77, 81).

[3] Clark filed a Motion to Set Aside the Verdict as Contrary to the Law and Evidence, which was heard and denied at sentencing on July 10, 2020. (7/10/2020 Tr. at 5–38). The denial is reflected in the July 10, 2020, sentencing order.

On June 22, 2022, Clark timely filed the instant federal petition for writ of habeas corpus in this court, raising two claims:

1) His misdemeanor conviction for public masturbation was a violation of right not to be placed in double jeopardy. [Dkt. Nos. 1 at 5; 1-1 at 65, 70–72].
2) The evidence was insufficient to prove he intended to deprive the victim of her car. [Dkt. Nos. 1 at 7; 1-1 at 63–64].

**II.     Legal Standard**

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). In order to meet the exhaustion requirement, a petitioner "must have presented to the state's highest court 'both the operative facts and the controlling legal principles.'" *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Such claims are simultaneously exhausted and defaulted. *Id.*

The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State prisoners must therefore "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254,

3

257 (1986). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

With respect to defaulted claims, federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. *Harris v. Reed*, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). A court need not consider the issue of prejudice in the absence of cause. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995).

### III.  Exhaustion and Default

Respondent correctly argues that Clark's claims are simultaneously exhausted and defaulted for purposes of federal habeas review. The record establishes that the claims were not raised on direct appeal but instead raised in a post-trial motion in the circuit court, and neither claim has been presented to the Supreme Court of Virginia. Further, Clark does not allege cause to excuse his defaults, and none is apparent from the record.[4]

Even if Clark's claims were not barred from review, it is clear that both claims have no merit. *See* 28 U.S.C. § 2254(b)(2); *Swisher v. True*, 325 F.3d 225, 232–33 (4th Cir. 2003) (affirming district court's decision to deny habeas relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"); *see, e.g.*, *Guarino v. Clarke*, No. 1:21cv1133, 2022

---

[4] To the extent Clark may be asserting ineffective assistance of appellate counsel as cause [Dkt. No. 27 at 4], he did not raise such a claim in state court and it, therefore, is defaulted. A defaulted ineffective assistance claim is not cause. *See Powell v. Kelly*, 531 F. Supp. 2d 695, 723 (E.D. Va. 2008), *aff'd*, 562 F.3d 656 (4th Cir. 2009) (for a claim of ineffective assistance of counsel to qualify as cause and allow federal habeas review of a defaulted claim, a petitioner "must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it.") (citing *Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000)).

U.S. Dist. LEXIS 97318, *16 (E.D. Va. May 31, 2022) (recognizing district court's discretion to deny habeas relief on merits of unexhausted claim).

### A.     Claim 1: Double Jeopardy

In Claim 1, Clark argues that his misdemeanor conviction for public masturbation was a double jeopardy violation. Double jeopardy jurisprudence establishes that "the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, *Burks v. United States*, [437 U.S. 1 (1978)], poses no bar to further prosecution on the same charge." *United States v. Scott*, 437 U.S. 82, 90–91 (1978). "[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *Id.* at 99. Virginia's statutory procedure allows a defendant convicted in general district court to appeal to circuit court, and the defendant's trial in the circuit court is *de novo* because his appeal rendered the general district court conviction a nullity.

> In Virginia, when misdemeanor charges are initiated by warrant and a defendant is convicted of those charges in district court, he may appeal to the circuit court for a trial *de novo*. *See* Code § 16.1-136; *Ledbetter v. Commonwealth*, 18 Va. App. 805, 810–11, 447 S.E.2d 250, 253–54 (1994). A *de novo* hearing means a trial anew, and perfection of an appeal to the circuit court for trial *de novo* "annuls the former [district court] judgment as completely as if no trial had ever occurred."

*Kenyon v. Commonwealth*, 561 S.E.2d 17, 19–20 (Va. Ct. App. 2002) (citations omitted).[5]

Clark was charged, by warrant, with a misdemeanor (masturbating in public) in violation of Virginia Code § 18.2-387.1.[6] *Commonwealth v. Clark*, Case No. GC17006635-00. The case was tried in the General District Court of the City of Newport News on December 18, 2017. Clark was found guilty and sentenced to twelve months in jail. He appealed that same day and the matter

---

[5] *See Lucas v. Henrico Cty. Pub. Sch. Bd.*, 767 F. App'x 444, 447 (4th Cir. 2019) (noting that under an appeal of a general district court conviction to circuit court is heard "de novo" which "means a trial anew" because "an appeal to the circuit court for trial de novo annuls the former district court judgment as completely as if no trial had ever occurred.") (quoting *Kenyon*, 561 S.E.2d at 20).

[6] The statute provides that "[a]ny person who, while in any public place where others are present, intending that he be seen by others, intentionally and obscenely as defined in § 18.2-372, engages in actual or explicitly simulated acts of masturbation, is guilty of a Class 1 misdemeanor."

was transferred to the circuit court. *Commonwealth v. Clark*, No. CR18C00119-00. A jury convicted Clark on September 16, 2019, and he was sentenced to twelve months in jail. The court then suspended eight months of that sentence. [Dkt. No. 15-1]. The record does not support Clark's allegation that his double jeopardy rights were violated.[7] Clark's appeal was a voluntary choice that annulled his district court conviction, and his subsequent conviction in circuit court did not violate the prohibition against double jeopardy.

### B. Claim 2: Sufficiency

In Claim 2, Clark argues that it was never his intention to steal the victim's car. In support of his argument, he relies on the fact that he "ran away" after the victim "jumped out" of the vehicle and "r[a]n into the store," and asserts that he "never took possession of the victim's vehicle." [Dkt. Nos. 1 at 7; 1-1 at 63]. Clark argues that he was guilty "at the very least of attempted carjacking, but not actual carjacking." [Dkt. No. 1-1 at 64].

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citation omitted). A federal court sitting in habeas has "no license to redetermine credibility

---

[7] Clark attaches what he characterizes as his "withdrawal of his appeal" as an exhibit, but the alleged withdrawal is not part of the official record. [Dkt. No. 25-1 at 12]. Presumably, Clark is trying to rely on the Virginia statute governing the withdrawal of an appeal from the district court to the circuit court, which provides, in pertinent part, that "at any time before the appeal is heard, [a defendant may] withdraw an appeal which has been noted, pay the fine and costs to such court, and serve any sentence which has been imposed." Va. Code Ann. § 16.1-133; *see Commonwealth v. Zamani*, 507 S.E.2d 608, 609 (Va. 1998) ("Where the withdrawal occurs within ten days after conviction, no additional costs shall be charged, and the judgment of the lower court shall be affirmed without action by the circuit court."). His unauthenticated alleged withdrawal form, however, does not establish his predicate. Moreover, under Code § 16.1-133, if Clark had withdrawn his appeal, he would have had to "serve any sentence which has been imposed." In the general district court, Clark was sentenced to twelve months in jail and none of that time was suspended. In circuit court, although the circuit court imposed the same twelve-month sentence for public masturbation that the general district court imposed, the circuit court suspended four months of that sentence.

of witnesses whose demeanor has been observed by the state trial court, but not by them." *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citation omitted); *see United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983) (citations omitted) (holding that federal habeas courts, when making a sufficiency of the evidence determination, do not weigh the evidence or review the credibility of witnesses). Thus, when reviewing a federal habeas claim, federal courts defer to the state court's factual findings, which are presumed to be correct. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981).

The Court of Appeals of Virginia found Clark's claim that the evidence was insufficient to prove his intent to commit carjacking was defaulted. [Dkt. No. 15-6 at 6, note 2] (citing Va. Sup. Ct. R. 5A:12(c)). Even if the claim were not defaulted, however, the claim has no merit. On appeal, the Court of Appeals of Virginia summarized the evidence as follows:

> At approximately 12:45 a.m. on September 15, 2017, H.P. was sitting in her parked car outside a convenience store when she saw a man masturbating in the parking lot. The man was staring at her. H.P. spoke to the man, asked "What are you doing?," and said, "[T]hat's disrespectful That's nasty." The man took two "big steps" toward H.P.'s car and reached inside her open driver's window. He put his hands inside her pants, touched her vagina, and "rubbed [her vagina] a few times." The man, who was holding a gun, placed it near her head and demanded that she open the back door. When H.P. did not comply, the man reached through the driver's window, unlocked the rear door, and entered the car behind H.P. He held the gun to H.P.'s head and ordered her to pull out of the parking lot. H.P. then put the car into reverse, and the child-proof door locks engaged which provided her with an opportunity to escape. She jumped out of the driver's door as the car continued to roll backwards. As H.P. ran toward the convenience store, she dropped her cell phone, but she reached the store before appellant could pursue her. The store clerk called 911. Meanwhile, H.P.'s car crashed into a pole. As she watched from inside the store, H.P. saw the man exit her car, retrieve her cell phone from the ground, and "take off running."
>
> The police responded immediately, and later that day Detective Daniela Davis of the City of Newport News Police Department presented H.P. with a photo spread. According to Detective Davis, H.P. eliminated all of the photos except two. Appellant's photo was among the two photos that H.P. could not eliminate as her assailant.
>
> The police also obtained time-stamped surveillance footage from the convenience store. The store was equipped with a sixteen-channel system that monitored both sides of the store, as well as the rear. In addition, it had a "360 camera" that captured

7

    images of customers at the cash register. The surveillance footage from the store interior showed appellant dressed in a black "do-rag" and cropped pants making a purchase at 12:45 a.m. on September 15, 2017. Store records indicated that he purchased a "fruit punch" beverage with his EBT card. Appellant's EBT records confirmed that he made the purchase. Following that purchase, surveillance footage from the exterior of the store showed appellant outside the store moving his hands back and forth near his genital area. He then approached the driver of a parked car and began entering H.P.'s car through the driver's window. H.P. reviewed the surveillance footage and confirmed that it depicted her assault outside the convenience store.

    When the police arrested appellant two days later, he was in the front passenger seat of a parked vehicle with his wife. The police recovered a loaded firearm beneath appellant's seat. They also recovered two cell phones from appellant's pants pocket. One of the phones was a Samsung "Galaxy 5" phone, the same type of phone that H.P. had dropped at the convenience store. Police later verified that the Galaxy 5 phone was H.P.'s cell phone.

    Following appellant's arrest. Sergeant Matthew Schmitt of the City of Newport News Police Department interviewed him at the police station. Appellant told Schmitt that he purchased a "fruit punch" at the convenience store and was standing outside when a woman yelled at him. According to appellant, he responded, "What the fuck did you just say to me?" After the woman repeated herself, appellant told Schmitt that he pulled out "a little B.B. gun ... and just scared the shit out of her." Initially, appellant denied that he entered the car, but later, he admitted that he was "in the back" when the car began rolling backwards. When Sergeant Schmitt asked why he was in the car, appellant answered, "Because I really wanted to scare the shit out of her." Appellant admitted that the woman jumped out of the car and that then he jumped out of it. He stated that he picked up his drink and "ran out."

[1-1 at 2–3].

    Virginia's carjacking statute[8] requires the prosecution to prove the defendant had "seized control of the . . . automobile with an intent to permanently or temporarily deprive the victim of the possession or control of the vehicle by means of violence directed to her." *Vinson v. Commonwealth*, 522 S.E.2d 170, 177 (Va. 2000). In Virginia, "[i]ntent in fact is the purpose

---

[8] The statute, Virginia Code § 18.2-58.1, provides that

> "carjacking" means the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.

formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements." *Nobles v. Commonwealth*, 238 S.E.2d 808, 810 (Va. 1977). "Intent may, and often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." *Fleming v. Commonwealth*, 412 S.E.2d 180, 183 (Va. Ct. App. 1991).

Here, from the evidence introduced at trial, the fact finder could properly infer Clark seized "control" of the vehicle. The evidence established that Clark approached the victim with a firearm and demanded that she open the back door. [15-6 at 3]. "When [the victim] did not comply [Clark] reached through the driver's window, unlocked the rear door, and entered the car behind [the victim]. He held the gun to her head and ordered her to leave the parking lot." [*Id.* at 2]. At that point, a rational trier of fact could properly conclude beyond a reasonable doubt that Clark had seized control of the vehicle with the "intent to permanently or temporarily deprive the victim of the possession or control of the vehicle by means of violence directed to her." *Vinson*, 522 S.E.2d at 177. Accordingly, Clark's argument is without merit.

### IV.  Conclusion

For the foregoing reasons, the motion to dismiss the petition [Dkt. No. 23] must be granted and the petition must be dismissed with prejudice. An appropriate Order shall issue.[9]

/s/
Michael S. Nachmanoff
United States District Judge

November 7, 2023
Alexandria, Virginia

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.